**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **Glen R Whitmire,**<br><br>           **Plaintiff,**<br>v.<br><br>**Alliance Data Systems Corporation d/b/a World Financial Network National Bank a/d/b/a Brylane Home Credit**<br>           **Defendants** | Case No:     1:11-CV-00141 |

**PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFFS MOTION TO REMAND & MOTION FOR SANCTIONS AND COSTS**

COMES NOW THE Plaintiff, Glen R Whitmire, who files this Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand and Motion for Sanctions and Costs who would respectfully state to this Court as follows:

### I.     DEFENDANTS RESPONSE

Defendant's, Alliance Data Systems Corporation d/b/a World Financial Network National Bank a/d/b/a Brylane Home Credit (collectively herein referred to as "Defendant") continues to assert repeatedly through all seven (7) pages of their Response, that this cause needs to remain in federal court and Plaintiff's Motion to Remand should be denied because Plaintiff, in their response to Defendant's Discovery Request ('other paper') asserted, indirectly, claims under the FDCPA and the FCRA.[1] And that Plaintiff, "when he does not like the consequences of his decisions, shouldn't be able to say "never mind" and in effect requests a do over".

---

[1] By mentioning such in the way of damages requested in their case.

## II. Summary of Plaintiff's Reply

Plaintiff continues to assert that they have no known federal charges, which means no FDCPA charge and no FCRA charge. Plaintiff didn't plead any such claims and do not intend to plead any such claims against the Defendant. Plaintiff does not see how they could make themselves any clearer in regards to this matter.

## III. ARGUMENT

Plaintiff, in their petition, based their complaints on the Texas Finance Code and the TDCPA, among other state allegations. Defendant based his removal request on Plaintiff's response to Defendant's Discovery, i.e., 'other paper'. Plaintiff has admitted that the word FDCPA and FCRA did appear in that 'other paper' document. But Plaintiff has also explained that subsequent to returning their Discovery response to the Defendant that they received Defendant's discovery responses to their Discovery request and determined that they would not amend their original complaint and add any FDCPA or FCRA charges.

Defendant knew from the outset of this case that they, who were collecting on Plaintiff's account, were also the owners of Plaintiff's account. They knew that Plaintiff had no FDCPA claim. They even state in their Response to Plaintiff's Request to Remand, "..it does not appear that Whitmire has a valid cause of action pursuant to the FDCPA."

Courts generally only rely on the 'other paper' language to determine removability to 'clarify that diversity jurisdiction has been established' with respect to the amount in controversy requirement, and only in very limited circumstances have they

used this language to determine whether subject matter jurisdiction exists because of federal question.[2]

To assess whether federal question jurisdiction is proper goes beyond 'other paper' and requires applying the Supreme Courts *Grable* decision, where the Court clarified that the existence of a private cause of action is not the litmus test for the existence of a federal question, as many federal courts had previously held.[3] Federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[4]

The current case meets <u>none</u> of the requirements of this four pronged test and thus this case does not belong in federal court.

## IV.   CERTIFICATE OF CONFERENCE

Defense counsel makes a great issue about the certificate of conference in the Plaintiff's Motion. However it bears remarking that Defense counsel never consulted with the Plaintiff before filing their Motion to Remove this action to this Court, either by an conference and/or off-hand comment.

And, it is true that Plaintiff's counsel did send the e-mail to Defendants counsel the weekend prior to the filing of the Motion to Remand.[5] However, that was not and does not mean that was the only communication between Plaintiff's counsel and Defendants' counsel before the filing of the Motion to Remand and Plaintiff finds it

---

[2] *Eggert v. Britton*, 223 Fed App. 394, 397 (2007)
[3] *Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, 545 U.S. 308, 312 (2005).
[4] Id
[5] Docket 8-2

deceptive that Defendants' counsel did not inform this court of all of the communications between the counsels prior to the filing of this motion.[6]

## V. PRAYER

WHEREFORE, Plaintiff requests the following relief:

1. That this matter be remanded back to state court;

2. That Defense pay all costs of court and attorney fees and sanctions for the filing of what is clearly a frivolous motion;

3. For all such other relief as the Court deems appropriate.


Dated: April 23, 2011


Respectfully Submitted,


By: s/Kimberly Soard
Kimberly Soard
Counsel for Plaintiff
TX Bar Number 00797815
3722 Bristleleaf Dr
Katy TX 77449
281-647-0899
Facsimile 832-553-3087

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent to Defendant's counsel, on this the 23th day of April 2011, via electronic service.


   s/Kimberly Soard
Kimberly Soard

---

[6] See all written e-mail communication between counsels that day; Defendants' counsel did receive and respond to Plaintiff's request and did not invite further communication as it regarded the matter, but instead wanted to discuss the other pending case between counsels and depositions in that case. Exhibit 1. Plaintiff's counsel recalls verbal communications with counsel, but cannot recall if they occurred the day of the filing or just subsequent to the filing of the Motion to Remand.